UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

GREGORY JACQUETTE CARTER, )
 )
              Petitioner, )
 )
v. )   Case No. 16-CV-0675-CVE-PJC
 )
SCOTT CROW, Director,[1] )
 )
              Respondent. )

## OPINION AND ORDER

Now before the Court is petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). For the reasons below, the petition will be denied.

### I.

This cases arises from a series of commercial robberies in Tulsa and Collinsville, Oklahoma. The robberies, which took place between July 14 and July 25, 2014, featured the same modus operandi. See Dkt. # 5-1, at 9-13; see also Dkt. # 6-5, at 114. Two armed, African-American men entered each business wearing black and white masks and gloves; one stood near the door acting as a lookout; and the other retrieved cash using a bag found at the business. See Dkt. # 6-5, at 114-15. In two cases, police noticed that an unmasked African-American man cased the businesses just before the crimes occurred. Id. at 117-20. Police identified one unmasked man as Jarrell Wesson,

---

[1]     Petitioner is incarcerated at the Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. See Dkt. # 1, at 1. Scott Crow, Director of the Oklahoma Department of Corrections, is therefore substituted in place of Joe Allbaugh as party respondent. See Habeas Corpus Rule 2(a). The Clerk of Court shall note the substitution on the record.

who implicated petitioner and two other men (Armad Gix and Kiantre Belcher) in four commercial robberies. Id. at 122, 124, 126; see also Dkt. # 6-4, at 136.

The State charged petitioner with four counts of robbery with a firearm in violation of OKLA. STAT. tit. 21, § 801. See Dkt. # 5-3, at 1. Each count relates to a separate commercial robbery, as follows: (count 1): robbery of Patricia's Lingerie on July 14, 2014; (count 2): robbery of Little Ceasar's Pizza on July 19, 2014; (count 3): robbery of Tulsa Dollar General on July 21, 2014; and (count 4): robbery of Collinsville Dollar General on July 25, 2014. See Dkt. # 5-1, at 9-11, 13. The state held a five-day trial, in which Wesson and Gix testified against petitioner. The jury convicted petitioner of all charges and recommended a punishment of five years imprisonment for each count. See Dkt. # 6-6, at 63-64. The state court sentenced petitioner accordingly, but ordered that each sentence would run consecutively. See Dkt. # 6-8, at 7.

Petitioner perfected a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 5-1. By a summary opinion entered October 3, 2016, the OCCA affirmed. See Dkt. # 5-3. Petitioner filed the instant § 2254 petition (Dkt. # 1) on November 7, 2016. He raises one proposition of error, arguing that the evidence is insufficient to support his convictions (Ground 1). Respondent filed an answer (Dkt. # 5) along with copies of the state court record (Dkt. # 6). Respondent concedes, and the Court finds, that petitioner timely filed his federal habeas petition and exhausted state remedies as to the above claim. See Dkt. # 5, at 2; see also 28 U.S.C. §§ 2244(d), 2254(b)(1)(A). However, respondent contends that the claim fails on the merits.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. See 28 U.S.C. § 2254. Relief is only available under the AEDPA

where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, because the OCCA already adjudicated petitioner's claims, this Court may not grant habeas relief unless he demonstrates that the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);[2] (2) "resulted in a decision that . . . involved an unreasonable application of clearly established Federal law," id.; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, id. at § 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (alterations in original) (quotations omitted). When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case." Id. (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." Id. Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the

---

[2] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Lockyer v. Andrade, 538 U.S. 63, 71–72 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)); see also House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008) (explaining that "Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").

3

federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the state court's factual findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," Harrington v. Richter, 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

**A. Sufficiency of the Evidence and Accomplice Testimony**

Petitioner asserts that his convictions are based solely on uncorroborated accomplice testimony, which violates OKLA. STAT. tit. 22, § 742 and the federal due process clause. See Dkt. # 1; see also Dkt. # 5-1.[3] The OCCA rejected this argument, finding that "any rational trier of fact could find the defendant guilty beyond a reasonable doubt" based on the evidence at trial. Dkt. # 5-3, at 2. Applying OKLA. STAT. tit. 22, § 742, the OCCA also found that circumstantial evidence corroborated the testimony by Wesson and Gix. Id. at 3.

Like Oklahoma law, the federal due process clause provides that a defendant cannot be convicted of a crime unless the state proves, beyond a reasonable doubt, every essential element of the crime charged. See Jackson v. Virginia, 443 U.S. 307, 316 (1979); In re Winship, 397 U.S. 358,

---

[3] Petitioner refers to the arguments in his OCCA brief (Dkt. # 5-1), which the Court considers as support for his federal habeas claim.

4

364 (1970). On federal habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. "Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." Coleman v. Johnson, 566 U.S. 650, 651 (2012) (per curiam). As the Supreme Court explained:

> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Ibid. (quoting Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

Id.

Unlike Oklahoma law, however, "[f]ederal law does not require independent corroboration of accomplice testimony." Watson v. Howard, No. 04-6074, 2005 WL 375940, * 6 (10th Cir. Feb. 17, 2005) (unpublished).[4] See also Foster v. Ward, 182 F.3d 1177, 1193 (10th Cir. 1999) (noting the "Constitution does not prohibit convictions based primarily on accomplice testimony.") (quotations omitted); United States v. Torres, 53 F.3d 1129, 1140 (10th Cir. 1995) ("[A] jury may convict based on the uncorroborated testimony of a co-conspirator."). Due process concerns are met by "vigorous cross-examination [of the accomplice] and instructions informing juries of their responsibilities to make credibility determinations, bearing in mind the potential for bias, interest or prejudice." Watson v. Howard, 123 Fed. App'x 910, 917 (10th Cir. 2005) (citing Foster, 182 F.3d

---

[4] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

5

at 1193). With such safeguards, jurors are free to accept accomplice testimony "so long as the testimony is not incredible on its face and is otherwise capable of establishing guilt beyond a reasonable doubt." Foster, 182 F.3d at 1193.

The elements of the instant crimes are: (i) the wrongful taking of property from another; (ii) by force or fear; and (iii) through the use of a dangerous weapon. See OKAL. STAT. tit. 21, § 801; Primeaux v. State, 88 P.3d 893, 906 (Okla. Crim. App. 2004). Wesson and Gix testified that they were present, either in the getaway car or inside the store, when petitioner and Belcher each used a mask, gloves, and a gun to steal cash from four business between July 14 and July 25, 2014.[5] See Dkt. # 6-4, at 134-36; 139-40; 142-44; 148-51; see also Dkt. # 6-5, at 7, 9-11; 14-17; 20-21; 30-32. Wesson and Gix also testified that the group typically convened in a Tulsa apartment after each robbery to divide the stolen cash. Id. Sharonda Goree resided at the apartment and knew all four men; she previously had a romantic relationship with petitioner and regarded Wesson and Belcher as "play brothers." See Dkt. # 6-4, at 81-84. The men sometimes came to her apartment in July 2014, and she recalled seeing them as late as 2:00 a.m. Id. at 87-90. The record further reflects that: (1) Wesson was seen on video in the Collinsville Dollar General store immediately before a robbery, see Dkt. # 6-5, at 117-18; (2) police discovered a Chevy TrailBlazer at Belcher's home, which is consistent with the getaway car used in some of the robberies, see Dkt. # 6-4, at 143; see also Dkt. # 6-5, at 21; 136-37; and (3) the physical description of one masked assailant was consistent with

---

[5] Specifically, Wesson and Gix testified that they were present when petitioner and Belcher robbed: (1) Patricia's Lingerie on July 14, 2014; (2) Little Ceasar's Pizza on July 19, 2014; (3) the Tulsa Dollar General on July 21, 2014; and (4): the Collinsville Dollar General on July 25, 2014.

petitioner's build, see Dkt. # 6-4, at 42, 45, 65, and 121.[6] Taken as a whole, this evidence corroborates the direct testimony by petitioner's accomplices and establishes each element of the crimes.

Moreover, even without the corroborating evidence, reliance on accomplice testimony was proper in this case. Defense counsel cross-examined Wesson and Gix at length regarding their involvement in the crimes, their motive for testifying, any deals they hoped to receive from the state. See Dkt. # 6-4, at 159-78; see also Dkt. # 6-5, at 44-74. The state court gave detailed jury instructions on impeachment evidence and credibility determinations. See Dkt. # 6-10, at 23-26. A separate jury instruction clarified that Wesson and Gix were accomplices to the crime, and that jurors should give their "testimony such weight and credit as . . . it is entitled to receive." Id. at 39-40. The jury nevertheless accepted the circumstantial evidence and testimony by Wesson and Gix, which was consistent, credible, and sufficient to demonstrate guilt. The Court, therefore, agrees that sufficient evidence supports each conviction, and the petition (Dkt. # 1) must be denied.

## III.

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects the merits of petitioner's constitutional claims, he must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484

---

[6] It is also notable that the assailants concealed their hands in gloves, as petitioner has tattoos on his hands. See Dkt. # 6-4, at 102; see also Dkt. # 6-5, at 90.

(2000). For the reasons discussed above, petitioner has not made the requisite showing on any of his claims. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk shall substitute Scott Crow in place of Joe Allbaugh as respondent.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied.**

3. A certificate of appealability is **denied**.

4. A separate judgment will be entered herewith.

**DATED** this 31st day of December, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE